UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| DALTON CHRISTOPHER BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No.  08-183-GFVT |
| V. | ) | |
| | ) | |
| WHITLEY COUNTY, KENTUCKY and | ) | **JURY INSTRUCTIONS** |
| SHERIFF LAWRENCE HODGE, and | ) | |
| TONY RAMEY. | ) | |
| | ) | |
| Defendants. | ) | |

*** *** *** ***

MEMBERS OF THE JURY, now that you have heard all the evidence, it becomes my duty to give you the instructions of the Court concerning the law applicable to this case.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case based solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

Regardless of any opinion you may have as to what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any view of the law other than what given in the instructions of the Court, just as it would also be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything other than the evidence in the case.

1

In deciding the facts of this case, you must not by swayed by bias or prejudice or favor as to any party. Our system of law does not permit jurors to be governed by prejudice or sympathy or public opinion. Both the parties and the public expect that you will carefully and impartially consider all of the evidence in the case, follow the law as stated by the Court, and reach a just verdict regardless of the consequences.

In following my instructions, you must follow all of them and not single out some and ignore others. They are all equally important. You must not read into these instructions or into anything the Court may have said or done any suggestion as to what verdict you should return–that is a matter entirely up to you.

2

## <u>INSTRUCTION NO. 1</u>

**All Persons Equal Before the Law**

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law and are to be treated as equals.

## INSTRUCTION NO. 2

### Evidence in the Case

The evidence in this case consists of the testimony of the witnesses, the exhibits admitted in evidence, and/or stipulations. A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

I may have taken judicial notice of certain facts. If so, you must accept those facts as being proven.

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, Internet or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, you memory is what counts.

## INSTRUCTION NO. 3

### Juror Notes

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

5

## INSTRUCTION NO. 4

### Number of Witnesses

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.  You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of the truth, as against the testimony of a lesser number of witnesses or other evidence producing such belief in your minds.  The test is not which side brings the greater number of witnesses or takes the most time to present evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

## INSTRUCTION NO. 5

### Direct and Circumstantial Evidence

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, direct evidence that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." Circumstantial evidence that it is raining is the observation of someone entering a room carrying a wet umbrella.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give either one, or says that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

7

## INSTRUCTION NO. 6

### Credibility of Witnesses

Now I have said that you must consider all of the evidence.  This does not mean, however, that you must accept all the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his testimony.  In weighing the testimony of a witness you should consider his or her relationship to the Plaintiff or to the Defendants; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness and intelligence; and the extent to which he has been supported or contradicted by other credible evidence.  You may, in short, accept or reject the testimony of any witness in whole or in part.

## INSTRUCTION NO. 7

### Impeachment

A witness may be discredited or "impeached" by contradictory evidence, by a showing that he or she testified falsely concerning a material matter, or by evidence that at some other time the witness has said or done something, or has failed to say or do something, which is inconsistent with the witness's present testimony.

If you believe any witness has been so impeached, then it is your exclusive province to give the testimony of that witness such credibility or weight, if any, as you think it deserves.

9

# INSTRUCTION NO. 8

## Experts

You may have heard one or more witnesses give opinions about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

## INSTRUCTION NO. 9

### Burden of Proof

The burden is on the Plaintiff in a civil case to prove his case by a preponderance of the evidence.

This means that the Plaintiff has to prove to you, in light of all the evidence, that what he claims is more likely so than not so.  To say it differently, if you were to put the evidence favorable to the Plaintiff and the evidence favorable to Defendants on opposite sides of the scales, the Plaintiff would have to make the scales tip somewhat on his side.  If the Plaintiff fails to meet this burden, the verdict must be for the Defendants.  If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

## INSTRUCTION 10

### Use of Depositions as Evidence

During trial, certain testimony has been presented by way of deposition. The depositions consisted of sworn recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented on DVD. Such testimony is entitled to the same consideration, and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

## INSTRUCTION NO. 11

### Nature of the Plaintiff's Claims

The Plaintiff in this case is Dalton Christopher Brewer.  The Defendants in this case are Sheriff Lawrence Hodge and Whitley County.

In Plaintiff's first claim, Plaintiff seeks damages against Whitley County and Sheriff Hodge.  He alleges that Tony Ramey, acting under color of law, violated his federal constitutional right to be free from unlawful arrest and use of excessive force.  Plaintiff contends that Whitley County and Sheriff Hodge, in his official capacity, are liable for damages Plaintiff allegedly suffered because Defendants failed to adequately train or supervise their volunteer deputies, including Tony Ramey.  In this claim, the suit against the Sheriff in his official capacity is, for all purposes, a suit against the County.

In his second claim, Plaintiff seeks damages against Tony Ramey for his acts and omissions involved in the altercation.  The Court entered a default judgment against Tony Ramey because he did not to file an answer to the complaint.  If you reach Interrogatory 3, therefore, you will be instructed to assume liability, and the only question you will be asked to answer is the question of damages.

13

## INSTRUCTION NO. 12

### 1983 Claim

The Plaintiff, Dalton Christopher Brewer, has brought a claim against Sheriff Hodge, in his official capacity, and thus Whitley County, under 42 U.S.C. § 1983, a civil rights law that provides a remedy to people who have been deprived of their federal constitutional rights by state actors.

In order to prevail on this claim, the Plaintiff must prove each of the following by a preponderance of the evidence:

1)    That Tony Ramey acted "under color of law." A person acts "under color of law" not only when he or she acts within the limits of lawful authority, but also when the person acts without or beyond the bounds of lawful authority. In order for unlawful acts of an official to be done "under color of law," the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official; and

2)    That Tony Ramey intentionally committed certain acts, and that those acts violated Brewer's federal constitutional right(s) not to be subjected to unreasonable search and seizure or unlawful arrest, and not to be subjected to excessive or unreasonable force during arrest; and

3)    That Sheriff Hodge and Whitley County's training program was inadequate to train volunteer deputies to carry out their duties or that Sheriff Hodge and Whitley County failed adequately to supervise the volunteer deputies; and

14

4) That this failure to train or supervise was a part of a pattern, or policy, or custom of Whitley County and Sheriff Hodge; and

5) That this failure to train or supervise amounted to deliberate indifference to the fact that inaction would result in the violation of a person's right to be free from a violation of constitutional rights. "Deliberate indifference" is the conscious or reckless disregard of the consequences of ones actions or omissions. "Deliberate indifference" requires more than negligence or ordinary lack of due care; and

6) That the failure to train or supervise was closely related to or actually caused the violation of Brewer's constitutional rights.

15

## INSTRUCTION NO. 13

### Compensatory Damages

If you find that the Defendants are liable to the Plaintiff, then you must determine an amount that is fair compensation for all of the Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the Plaintiff whole- that is, to compensate the Plaintiff for the damage that he has suffered.

You may award compensatory damages only for injuries that the Plaintiff proves were proximately caused by the Defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the Plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the Plaintiff has actually suffered.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the Plaintiff prove the amount of losses with mathematical certainty, buy only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

16

## INSTRUCTION NO. 14

### Nominal Damages

If you find that the Plaintiff has proven that the Defendants are liable under any of the claims, but that he has not proven compensatory damages, then you may return a verdict for the Plaintiff in some nominal sum such as one dollar.  You may not award both nominal and compensatory damages if you find the Defendants liable.

## INSTRUCTION NO. 15

### Mitigation of Damages

Any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages– that is, to take advantage of any reasonable opportunity the person may have had under the circumstances to reduce or minimize the loss or damage after the injury occurs.  Concerning the Plaintiff's claims, if you should find that the Defendants have proved that the Plaintiff failed to seek out or take advantage of an opportunity to reduce or minimize damages that was reasonably available to the Plaintiff under all the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount the Plaintiff could have reasonably realized if the Plaintiff had taken advantage of such opportunity.

18

## INSTRUCTION NO. 16

### Verdict

Your verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  In other words, your verdict must be unanimous.  Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.

You should make every reasonable effort to reach a verdict.  In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors.  Discuss your differences with an open mind.  Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong.  But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.  You are impartial judges of the facts.

## INSTRUCTION NO. 17

### Election of Foreperson; Duty to Deliberate; Communications with the Court

When you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

It is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors. Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

I do not anticipate that you will need to communicate with me. If you do need to communicate with me, the only proper way is in writing. The writing must be signed by the foreperson, or, if he or she is unwilling to do so, by some other juror. The writing should be given to the marshal, who will give it to me. I will respond either in writing or by having you return to the courtroom so that I can respond orally. Remember that you should not tell anyone-including me- how your votes stand numerically.

Your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be- that is entirely for you to decide.

The verdict form is simply the written notice of the decision that you reach in the case. You will take this form to the jury room, and when all of you have unanimously agreed on a

20

verdict, your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

INTERROGATORY NO. 3 (Damages Against Tony Ramey)

The Plaintiff brought several claims against Tony Ramey, all arising out of the incident on June 13, 2007. Because Tony Ramey did not file an answer to the Plaintiff's complaint, the Court entered a default judgment against him. This means that you are to assume he is liable for the acts and omissions arising out of the incident. You must only determine whether his acts and omissions caused injury to the Plaintiff, and if so, the amount of damages to award Plaintiff.

A.      Do you find by a preponderance of the evidence that the Plaintiff suffered injury as a direct result of Tony Ramey's conduct?

_____ Yes                              _____ No

(If you answered Yes to Question A, proceed to Question B. If you answered No to Question A, sign and date the verdict form and return to the courtroom)

B.      What percentage of fault does each party bear in causing any injury?

a.      Tony Ramey: _____ %

b.      Christopher Brewer: _____ %

(Proceed to Question C.)

C.      What sum of money do you believe from the evidence will fairly and reasonably compensate the Plaintiff for such of the following damages you believe were sustained as a direct result of the Tony Ramey's conduct?

a.      Physical pain and suffering (past, present, future): _____ $

b.      Emotional and mental harm (past, present, future): _____ $

c.      Past lost wages or income: _____ $

d.      Future impairment to labor and earn money: _____ $

26

      e.      Past medical expenses: _____ $

      f.      Future medical expenses: _____ $

              TOTAL: _____ $

              or

              Nominal Damages: _____ $


_____

Date


_____

Foreperson