UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

Eastern District of Kentucky
FILED
NOV 10 2010
LESLIE G. WHITMER
CLERK U S DISTRICT COURT

DALTON CHRISTOPHER BREWER, )
)
    Plaintiff, )
) Civil No. 08-183-GFVT
V. )
)
WHITLEY COUNTY, KENTUCKY and ) **VERDICT FORM**
SHERIFF LAWRENCE HODGE, and )
TONY RAMEY. )
)
    Defendants. )

\*\*\* \*\*\* \*\*\* \*\*\*

INTERROGATORY NO. 1 (1983)

    A.    Do you find by a preponderance of the evidence that on the day of the incident Tony Ramey was acting under color of law?

        ✓ Yes         _____ No

(If you answered Yes to Question A, proceed to Question B. If you answered No to Question A, proceed to Interrogatory No. 3.)

    B.    Do you find from a preponderance of the evidence that while acting under color of law, Tony Ramey intentionally committed an act which deprived Dalton Christopher Brewer of a federal constitutional right?

        ✓ Yes         _____ No

(If you answered Yes to Question B, proceed to Question C. If you answered No to

22

Question B, proceed to Interrogatory No. 3.)

C. Do you find by a preponderance of the evidence that Sheriff Hodge and Whitley County's training program was inadequate to train volunteer deputies to carry out their duties or that they failed to adequately supervise the volunteer deputies?

__✓__ Yes  _____ No

(If you answered Yes to Question C, proceed to Question D. If you answered No to Question C, proceed to Interrogatory No. 3.)

D. Do you find by a preponderance of the evidence that the failure to train or supervise was part of a pattern, or policy, or custom of Whitley County and Sheriff Hodge?

__✓__ Yes  _____ No

(If you answered Yes to Question D, proceed to Question E. If you answered No to Question D, proceed to Interrogatory No. 3.)

E. Do you find by a preponderance of the evidence that the failure to train or supervise amounted to deliberate indifference to the fact that inaction would result in a violation of a person's constitutional rights?

__✓__ Yes  _____ No

(If you answered Yes to Question E, proceed to Question F. If you answered No to Question E, proceed to Interrogatory No. 3.)

F. Do you find by a preponderance of the evidence that the failure to train or supervise was closely related or actually caused the violation of Plaintiff's constitutional rights?

23

✓ Yes  _____ No

(If you answered Yes to Question F, proceed to Question G. If you answered No to Question F, proceed to Interrogatory No. 3.)

G.  Do you find by a preponderance of the evidence that the Plaintiff suffered injury as a direct result of Whitley County and Sheriff Hodge's conduct?

✓ Yes  _____ No

(If you answered Yes to Question G, proceed to Interrogatory No. 2. If you answered No to Question G, proceed to Interrogatory No. 3.)

24

INTERROGATORY NO. 2 (1983 Damages)

What sum of money do you believe from the evidence will fairly and reasonably compensate the Plaintiff for such of the following damages you believe were sustained as a result of Sheriff Hodge and Whitley County's conduct?

    a.    Physical pain and suffering (past, present, future): _____ $ 1,650,000

    b.    Emotional and mental harm (past, present, future): _____ $ 1,650,000

    c.    Past lost wages or income: _____ $ 183,300

    d.    Future impairment to labor and earn money: _____ $ 2,512,000

    e.    Past medical expenses: _____ $ 103,180

    f.    Future medical expenses: _____ $ 184,000

        TOTAL: _____ $ 6,282,480.00

        or

        Nominal Damages: _____ $

(Please sign and date the verdict form and return to the courtroom.)

11-10-10
Date

# 315
Foreperson